United States District Court
Southern District of Texas
**ENTERED**
May 01, 2023
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION

No. 3:21-cv-033

MARK A. MUNOZ, SR., TDCJ #02058961, PLAINTIFF,

v.

BRYAN COLLIER, *ET AL.*, DEFENDANTS.

## ORDER OF DISMISSAL

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

State inmate Mark A. Munoz, Sr. (TDCJ #02058961) is currently in custody of the Texas Department of Criminal Justice (TDCJ) at the Connally Unit in Kenedy, Texas. Munoz, a Native American religious adherent, filed another complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, (RLUIPA), challenging the enforcement of the TDCJ grooming policy. According to his Native American beliefs, Munoz states that he is not permitted to cut his hair except on the death of a close relative. He alleges that Felipe Gonzalez, Anthony Patrick, Sr., and Vincente Rodriguez, officials at the Terrell Unit, told him he must cut his hair to comply with the grooming policy or face disciplinary action. He claims that when he refused to comply with the grooming policy, they issued him disciplinary cases, reclassified

1/ 5

him as a G4 offender, and moved him to a unit where there are no Native American services. He claims that Gonzalez, Patrick, and Rodriguez violated his rights under the RLUIPA and the Constitution because they punished him for following his religious beliefs. He further claims that TDCJ Executive Director Bryan Collier is legally responsible for all operations of the TDCJ and for the grooming policy. He seeks declaratory and injunctive relief, including: (a) preventing the defendants from enforcing the TDCJ grooming policy; (b) requiring defendants to treat him fairly; (c) ordering expungement of his disciplinary convictions based on the grooming policy violations; (d) restoring the good time credits he lost as a result of his disciplinary convictions; and (e) reinstating him to a Native American unit in TDCJ. He also seeks compensatory and punitive damages from all defendants. Dkt. 1 at 6-7.

Court records show that Munoz previously sued defendants Patrick, Gonzalez, and Rodriguez, alleging the same set of facts that are alleged in this case. *See Munoz v. Gonzalez*, Civ. A. No. H-19-4524 (S.D. Tex. Jul. 4, 2020) (*Munoz I*).[1] In *Munoz I*, the district court granted the Patrick, Gonzalez, and Rodriguez's motion under Federal Rule of Civil Procedure 12(b)(1) and dismissed the claims for injunctive relief against each of them because they no longer had custody or control of the plaintiff and, therefore, did not have the power to redress his alleged

---

[1] The allegations and background facts for the instant case may be found in *Munoz I*, Civ. A. No. H-19-4524, at Dkt. 31 at 2-6, and need not be repeated at length here.

2/ 5

injuries. *Id.* at Dkt. 31 at 10-11 (citing *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013)). Although Munoz did not initially seek damages, he later sought leave to amend his complaint to seek damages. The *Munoz I* court determined that such amendment would be futile because, among other things, Munoz did not plead facts to show that he suffered a physical injury, and, therefore, compensatory damages were barred under 42 U.S.C. § 1997e(e). The *Munoz I* court further found that Munoz did not plead facts to show that punitive damages would be warranted. *See Munoz I* at Dkt. 39 at 3-4 (holding that Munoz's claims for punitive damages "lack arguable merit"). Therefore, Munoz's claims for compensatory damages are subject to dismissal as barred by 42 U.S.C. § 1997e(e) and his claims for punitive damages are subject to dismissal for failure to state a claim under 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B), as to all of the defendants named in this case.

In addition, Munoz's claims for injunctive relief against Patrick, Gonzalez, and Rodriguez in this case are based on the same set of facts and are duplicative of *Munoz I*. Munoz does not plead facts to show that the circumstances have changed since *Munoz I* was decided and does not show that *Munoz I*'s conclusion that Patrick, Gonzalez, and Rodriguez lack authority to redress his claims was erroneous.

Court records also show that Munoz filed a similar lawsuit in the Eastern District of Texas to challenge the TDCJ grooming policy. *See Munoz v. Davis*, No.

9:19-CV-00229RC-KFG (E.D. Tex. Dec. 9, 2019) (*Munoz II*).[2] Although Munoz

names Director Collier instead of Director Lumpkin in the instant suit (*Munoz III*),

he seeks identical injunctive relief from each Director in *Munoz II* and *Munoz III*.

This case duplicates the pending case in the Eastern District regarding his

challenge to the grooming policy and request for injunctive relief.

Where, as here, a litigant proceeding *in forma pauperis* engages in

"repetitive litigation" and asserts duplicative claims, a court does not abuse its

discretion to dismiss such a case without prejudice as frivolous and malicious

under 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). *See Pittman v. Moore*, 980 F.2d 994,

994-95 (5th Cir. 1993) (holding that the district court did not abuse its discretion

to dismiss a case as frivolous and malicious because it was duplicative of another

pending case).

Accordingly, the court **ORDERS** as follows:

1. Munoz's claims for damages against all defendants are **DISMISSED
   with prejudice** under 42 U.S.C. § 1997e(e) and 28 U.S.C. §§ 1915A(b),
   1915(e).

2. The claims for injunctive relief are **DISMISSED without prejudice**
   to Munoz pursuing those claims seeking identical relief in his pending

---

[2] In *Munoz I*, the court declined to allow Munoz to amend his complaint to add the TDCJ
Director to that case because Munoz was already asserting the same claims against the
Director in the Eastern District of Texas in *Munoz II*, and by then he had been transferred
out of the Terrell Unit to the Eastham Unit, which is within the jurisdiction of the Eastern
District of Texas. *See Munoz I* at Dkt. 31 at 13.

lawsuit in the Eastern District of Texas.

3. All pending motions, if any, are **DENIED**.

Signed on Galveston Island this <u>1st</u> day of <u>May</u>, 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE